| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:10-CR-101-TAV-CCS-1 ) |
| AARON ROPER, | ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Defendant has moved for a reduction in his terms of imprisonment and supervised release pursuant to the First Step Act of 2018 [Doc. 76]. Following the issuance of the Sixth Circuit's opinion in *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), the government conceded that defendant is eligible for a sentence reduction under the First Step Act [*Compare* Doc. 82, *with* Doc. 88], but contends that little to no reduction is warranted in this case [Doc. 88 pp. 5–6]. For the reasons discussed herein, the Court will **GRANT IN PART** and **DENY IN PART** defendant's motion for a sentence reduction [Doc. 76].

## I. Background

In 2010, defendant was indicted on numerous charges involving the distribution of crack and powder cocaine, as well as possessing a firearm in furtherance of those drug trafficking crimes [Doc. 1]. The government filed a notice, pursuant to 21 U.S.C. § 851, of its intent to enhance defendant's sentence based on two (2) prior felony drug convictions

[Doc. 13]. On October 13, 2010, defendant pled guilty, pursuant to a written plea agreement, to Count 1 of the indictment, charging him with conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and Count 7 of the indictment, charging him with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) [Doc. 18 p. 1].

As to Count 1, the plea agreement recited that, based on defendant's two prior felony drug convictions, the punishment for the offense was a mandatory term of life imprisonment [*Id*.]. However, the parties acknowledged that defendant had the right to contest this punishment based on the applicability of the felony drug convictions that may be used to enhance his sentence [*Id*.]. As to Count 7, the plea agreement noted that this offense required a punishment of a term of at least five (5) years' imprisonment to be served consecutively to any other term of imprisonment imposed in the case [*Id*. at 1–2].

The presentence investigation report ("PSR") calculated a base offense level of 34 for Count 1,[1] based on a drug quantity of 840 grams to 2.8 kilograms of cocaine base [PSR ¶ 32]. Reducing this base offense level by three (3) levels for acceptance of responsibility, the PSR calculated a total offense level of 31 for Count 1 [*Id*. ¶¶ 38–39]. The PSR then calculated defendant's criminal history category as III [*Id*. ¶ 49]. The PSR stated that the statutory penalty range for Count 1 was imprisonment for twenty (20) years

---

[1] The PSR did not group Count 7 together in this guideline calculation, because Count 7 had a mandatory term of imprisonment to run consecutive to any other term of imprisonment [PSR ¶ 31].

to life, under 21 U.S.C. § 841(b)(1)(A)[2] [*Id.* ¶ 63]. Based on a total offense level of 31 and criminal history category of III, the PSR calculated defendant's guideline range as to Count 1 as 135 to 168 months' imprisonment, but, due to the enhanced penalties based on defendant's prior felony drug conviction, the restricted guideline range as to Count 1 was 240 months [*Id.* ¶ 66]. Adding the 60-month mandatory consecutive sentence for Count 7, the PSR concluded that defendant's aggregate restricted guideline range was 300 months [*Id.*]. The PSR further noted that a term of at least ten (10) years supervised release was mandated for Count 1, pursuant to 21 U.S.C. § 841(b)(1)(A) [*Id.* ¶ 68]. Neither party objected to the PSR's sentencing calculations [Docs. 24, 32].

In his sentencing memorandum, defendant noted that he faced the possibility of a mandatory term of life imprisonment based on his two prior felony drug convictions, but asked the Court to consider that both of these prior felony drug convictions arose from the same incident and were prosecuted under the same docket number [Doc. 33 p. 3]. The government then moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) [Doc. 53]. The Court ultimately sentenced defendant to a total term of 240 months' imprisonment, consisting of 180 months as to Count 1 and 60 months, to run consecutively, as to Count 7 [Doc. 55 p. 3]. The Court also sentenced defendant to a total term of ten (10) years' supervised release [*Id.* at 4].

---

[2] It appears that the PSR calculated the statutory mandatory minimum based on defendant having only one prior felony drug offense, rather than the two offenses charged in the § 851 enhancement notice [Doc. 13].

In 2017, defendant filed a motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), in light of, *inter alia*, Amendment 782 to the United States Sentencing Guidelines [Doc. 69]. In ruling on this motion, the Court noted that Amendment 782 reduced by two (2) levels the offense levels assigned to the drug quantities described in section 2D1.1 of the Sentencing Guidelines, and Amendment 788 identified Amendment 782 as retroactive [Doc. 71 p. 3]. The Court also noted that defendants whose sentences were subjected to the provisions of sections 5G1.1 and 5G1.2 of the Guidelines are ordinarily not eligible for a sentence reduction under Amendment 782, because their original sentences were not based on a sentencing range that has subsequently been lowered by the Sentencing Commission [*Id.* at 5]. However, section 1B1.10(c) of the Guidelines states that, for defendants who received a departure below a mandatory minimum sentence under 18 U.S.C. § 3553(e), the Court must calculate the amended guideline range without regard to the operation of sections 5G1.1 and 5G1.2 [*Id.*].

Applying these provisions, the Court calculated defendant's new total offense level as 29, resulting in a new guideline range of 108 to 135 months' imprisonment as to Count 1 [*Id.* at 6]. Because defendant originally received a 25 percent departure from the restricted guideline range, applying a comparable downward departure, the Court concluded that defendant was eligible for a reduced sentence of 81 months' imprisonment as to Count 1 [*Id.*]. In considering the section 3553(a) factors, the Court noted, with regard to post-sentencing conduct, that defendant had been sanctioned on two (2) separate occasions for smoking marijuana while incarcerated, but nevertheless concluded that

4

defendant's overall post-sentencing conduct had been "acceptable" [*Id*. at 8]. The Court thus concluded that a sentence reduction was appropriate and reduced defendant's total sentence to 141 months, consisting of 81 months as to Count 1, followed by 60 months as to Count 7 [*Id.*].

Defendant now argues that he is eligible for a sentence reduction under Section 404 of the First Step Act of 2018 [Doc. 76]. The government responded in opposition, contending that the same statutory penalties apply after the Fair Sentencing Act, based on the drug quantity that defendant admitted in his plea agreement [Doc. 82]. However, following the Sixth Circuit's decision in *Boulding*, the government filed an amended response admitting that, in light of *Boulding*, defendant is eligible for a sentence reduction [Doc. 88 p. 1]. Nevertheless, the government argues that, in light of defendant's prior sentence reduction and the section 3553(a) factors, little to no reduction is warranted under the First Step Act [*Id.* at 5–6]. The matter is ripe for resolution.

**II.     Analysis**

Defendant's motions present two questions. First, is defendant eligible for a sentence reduction under the First Step Act? Second, if he is eligible, is a reduction appropriate in defendant's case, and if so, to what extent?

    **A.     Defendant's Eligibility for a Section 404 Reduction**

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that

5

includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). If a court imposed a sentence for a "covered offense," as defined in § 404(a), then on the defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). The court only lacks authority to entertain such a motion if the sentence was previously imposed or reduced under the Fair Sentencing Act of 2010 or if the court previously considered a § 404 motion on the merits and denied it. *Id.* § 404(c). Neither limitation applies to this defendant.

Thus, the question of defendant's eligibility for a sentence reduction turns on whether his conviction for conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), qualifies as a covered offense. While the government initially argued that defendant's offense was not a covered offense [Doc. 82], it now concedes that defendant's offense does qualify as a covered offense [Doc. 88]. The Court agrees.

Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). In *Boulding*, the

6

Sixth Circuit, joining all other circuits that have addressed the issue,[3] held that "eligibility for resentencing under the First Step Act turns on the statute of conviction alone." 960 F.3d at 781.

Here, defendant was convicted under 21 U.S.C. § 841(b)(1)(A), and the Fair Sentencing Act modified that statutory provision's penalties. Specifically, at the time of defendant's sentencing, this statutory provision imposed a mandatory minimum sentence of ten (10) years and up to life for drug offenses involving fifty (50) grams or more of crack cocaine, twenty (20) years and up to life imprisonment for the same offense where the defendant had one (1) prior felony drug conviction, and a mandatory term of life imprisonment for the same offense where the defendant had two (2) or more prior felony drug convictions. 21 U.S.C. § 841(b)(1)(A) (2010). Yet, after the Fair Sentencing Act, as made retroactive by the First Step Act, the threshold quantity of crack cocaine necessary

---

[3] *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) ("We join our sister circuits in holding that the phrase modifies 'federal criminal statute.'"); *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("We thus conclude that whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief . . . ." (citing *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019)); *Wirsing*, 943 F.3d at 185, *as amended* (Nov. 21, 2019) ("The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"); *cf. United States v. Smith*, 954 F.3d 446, 448–49 (1st Cir. 2020); *United States v. Foley*, 798 F. App'x 534, 536 (11th Cir. 2020) ("Because the district court sentenced Foley under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, Foley is not eligible for relief"); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a 'covered offense' under the Act.").

7

to trigger the mandatory penalties in § 841(b)(1)(A)(iii) is 280 grams, and a conviction involving between 28 and 280 grams of crack cocaine carries a statutory mandatory minimum sentence of five (5) to forty (40) years' imprisonment, or ten (10) years to life where enhanced due to a prior drug offense. 21 U.S.C. § 841(b)(1)(B) (2021). And although more than 280 grams of crack cocaine was attributed to defendant at sentencing [PSR ¶ 25 (indicating that, through the conspiracy, defendant was responsible for between 1.5 and 4.5 kilograms of crack cocaine)], *Boulding* makes plain that a defendant's specific conduct, including the drug quantity attributed to him beyond that established by the statute of conviction, is immaterial to the covered offense analysis. 960 F.3d at 781–82. Lastly, the Court notes that defendant committed this offense before August 2, 2010 [PSR ¶ 2 (noting that defendant's drug offense occurred between May 2009 and October 8, 2009]. Thus, defendant was convicted of a "covered offense." *See* § 404(a). He is therefore eligible for a sentence reduction. *See Boulding*, 960 F.3d at 778–82.

### B. Imposing a Reduced Sentence in Consideration of the § 3553(a) Factors

A defendant's eligibility for a § 404 sentence reduction does not "require a court to reduce [his] sentence," § 404(c), and, as follows from its limited authorization to impose a reduced sentence, the court's analysis is circumscribed. *See United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (per curiam). It must impose a reduced sentence "as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed." § 404(b); *see also Alexander*, 951 F.3d at 708.

The Sixth Circuit has made clear that a defendant's eligibility for a reduction under Section 404 does not entitle him to a plenary resentencing. *Boulding*, 960 F.3d at 782; *Alexander*, 951 F.3d at 708; *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020). Nevertheless, an eligible defendant is entitled to object to the district court's calculation of his amended guideline range, and he may also be entitled to object to the final reduced sentence. *Boulding*, 960 F.3d at 784.[4] Additionally, "courts may consider all relevant [§ 3553(a)] factors when determining whether to reduce a defendant's sentence under § 404," including the defendant's post-sentencing conduct. *United States v. Allen*, 956 F.3d 355, 357–38 (6th Cir. 2020); *cf. Boulding*, 960 F.3d at 784 (holding that First

---

[4] The Sixth Circuit in *Boulding* held that the district court "did not provide Boulding with an opportunity to present his objections to its calculation of his amended guideline range and in this respect, fell short of the resentencing review envisioned in the First Step Act." 960 F.3d at 784. Yet, the court seemed to suggest elsewhere that defendant might also have a right to object to the modified sentence, not just to the court's calculation of the guideline range. It noted that the "necessary review" includes an accurately calculated guideline range and "thorough renewed consideration of the § 3553(a) factors" and that a defendant is entitled to an "opportunity to present objections." *Id.* And, its conclusion echoed this broader statement of the holding, stating that First Step Act review must include an "accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors" and that "a defendant seeking to present objections must be afforded an opportunity to do so." *Id.*

A broader reading of *Boulding*'s ruling appears in tension, however, with other recent Sixth Circuit opinions. *See, e.g.*, *United States v. Smith*, 958 F.3d 494, 498–99, 501 (6th Cir. 2020) (holding that sentence modifications under the First Step Act are analogous to sentence modifications under § 3582(c)(2), rejecting defendant's argument that he was entitled to a plenary resentencing, and finding that the district court sufficiently stated its reasons for the modified sentence using a form order); *Alexander*, 951 F.3d at 709 (affirming district court's order granting a sentence reduction and rejecting defendant's argument that he was entitled to present arguments at a sentencing hearing, arguments that he did not make in his motion for a sentence reduction, including the following: "the district court was unaware of or failed to understand its discretion to depart from the career offender range, he should have received a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b), and his post-offense rehabilitation and serious medical condition should have been considered").

9

Step Act review "must include . . . renewed consideration of the 18 U.S.C. § 3553(a) factors").

Post-*Boulding*, the parties agree that defendant's offense would have been treated as a violation of 21 U.S.C. § 841(b)(1)(B), rather than § 841(b)(1)(A) [Doc. 76 p. 6; Doc. 88 p. 4]. Ultimately the parties both submit that the applicable guideline range as to Count 1 is 108 to 135 months, the same guideline range that the Court used when reducing defendant's sentence under Amendment 782 [Doc. 76 p. 16; Doc. 88 p. 5].

Although he does not request a specific sentence, defendant asks the Court to further reduce his sentence as to Count 1 [Doc. 76 p. 16]. He further requests that his supervised release term be reduced from ten (10) years to eight (8) years [*Id.* at 18–19]. In support, defendant argues that, although it could not do so in the section 3582(c)(1) proceeding, the Court can now grant a downward variance in light of all of the sentencing factors [*Id.* at 16]. Defendant highlights his post-conviction rehabilitation, stating that he worked in the recreation department at his prison, participated in the release preparation program, and took classes in public speaking and legal research [*Id.*].

The government, however, contends that little to no reduction is warranted in light of the sentencing factors [Doc. 88 pp. 5–6]. The government argues that defendant's offenses were serious, highlighting that, by his own admission in the plea agreement, the conspiracy involved more than 1.5 kilograms of crack cocaine [*Id.* at 5]. The government notes that such quantity would still justify prosecution under section 841(b)(1)(A) after the Fair Sentencing Act, because it exceeds the current 280-gram threshold [*Id.*]. Moreover,

10

the government points out that the Court already reduced defendant's sentence based on the amended guideline range, defendant's substantial assistance, and its consideration of the relevant § 3553(a) factors [*Id.*]. The government notes that, while the Court deemed defendant's post-sentencing conduct "acceptable" at the time when it reduced defendant's sentence under Amendment 782, despite defendant's two sanctions for smoking marijuana, less than six (6) months after the Court's order reducing defendant's sentence, defendant possessed contraband, which resulted in a consecutive two-month federal sentence [*Id.* at 5–6; Doc. 88-1].

Although factors similar to those that applied at the defendant's initial sentencing and defendant's resentencing in light of Amendment 782 also apply here, the Court has considered these factors again in the context of the instant motion, including the nature and circumstances of defendant's offenses and his history and characteristics. Regarding the offense characteristics, the Court notes in particular that defendant's offense involved at least 1.5 kilograms of crack cocaine, a quantity of a highly dangerous substance that would still support a prosecution under 21 U.S.C. § 841(b)(1)(A) as amended by the Fair Sentencing Act [PSR ¶ 25]. The Court thus finds that defendant's offense is serious. Regarding defendant's history and characteristics, the Court begins by noting defendant's criminal history, which involves several drug-related offenses, including one for which defendant was serving a term of probation at the time when he committed the instant offense [*Id.* ¶¶ 44–46, 48], and which resulted in his receiving an enhanced sentence under section 851. The Court notes that defendant is currently thirty-three (33) years old and has

11

been in custody since his arrest on August 4, 2010.[5]  Although defendant contends that he has completed courses in legal research and public speaking, completed a release preparation program, and worked in the recreation department of the prison [Doc. 76 p. 16], all of which the Court notes, defendant's commission of another federal offense, namely, possession of contraband, a few months after this Court reduced his sentence [Doc. 88-1], raises concern about defendant's rehabilitative efforts.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.  *See* 18 U.S.C. § 3553(a).  Further, the Court has considered the kinds of sentences available and the sentencing range and the need to avoid unwarranted disparities.  *Id.*

After considering the parties' arguments, the relevant section 3553(a) factors, and applicable sentencing guidelines, the Court finds that no further reduction in the defendant's sentence of imprisonment is warranted.  The Court has already reduced defendant's custodial sentence as to Count 1 to 81 months [Doc. 71], a sentence that is below the now-applicable guideline range and the mandatory minimum sentence,

---

[5]  According to the Bureau of Prison's Inmate Locator, defendant has been transferred to a residential reentry center in Nashville, Tennessee, and has an anticipated release date of March 31, 2021.  *See* Inmate Locator, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (accessed Feb. 9, 2021).

12

accounting for the section 5K1.1 and section 3553(e) departure that defendant originally received.  Ultimately, the only possible ground for further reducing defendant's term of imprisonment in this case is a downward variance based on the section 3553(a) factors, and specifically, based on defendant's post-sentencing conduct.  A variance from the applicable guideline range is most appropriate with the particular circumstances of the case fall outside the "heartland" of similar cases before the court, in light of the sentencing goals contained in section 3553(a).  *United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009).

Here, defendant's post-sentencing conduct is not extraordinary such that the Court can conclude that defendant's case falls outside the heartland of similar cases.  Although the Court recognizes defendant's efforts in completing a release preparation program, taking courses in legal research and public speaking, and working in the prison's recreation department, such conduct is not above and beyond that which the Court would expect of the average inmate.  The Court also finds that defendant's conduct as recently as 2017 of possessing contraband in the prison, for which he incurred an additional federal conviction, weighs against granting a downward variance based on defendant's post-sentencing conduct.  Accordingly, the Court does not find that any further reduction of defendant's term of imprisonment is warranted and the Court will **DENY** defendant's motion for a sentence reduction in that regard.

However, the Court will **GRANT** defendant's request for a reduction in his term of supervised release.  Under section 841(b)(1)(B), which the parties agree applies after the

13

Fair Sentencing Act, a defendant who has a prior conviction for a serious drug felony should be sentenced to a term of supervised release of at least eight (8) years. 21 U.S.C. § 841(b)(1)(B). By contrast, under section 841(b)(1)(A), a defendant who has a prior conviction for a serious drug felony should be sentenced to a term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A). In accordance with this sentencing scheme, the Court, in sentencing defendant under section 841(b)(1)(A), imposed a ten-year term of supervised release [Doc. 55]. Considering all of the § 3553(a) factors discussed previously, the Court finds that applying the now-applicable mandatory term of eight (8) years of supervised release, as opposed to the previously applicable term of ten (10) years of supervised release will serve the purposes of sentencing and will be a term of supervised release that is sufficient, but not greater than necessary. Accordingly, defendant's term of supervised release is reduced from ten (10) years to eight (8) years.

## III. Conclusion

For the reasons discussed, the Court will **GRANT IN PART** and **DENY IN PART** defendant's motion [Doc. 76] for a sentence reduction under the First Step Act. Defendant's term of supervised release is reduced to eight (8) years.[6] All other provisions

---

[6] In light of the possibility that the Sixth Circuit's holding in *Boulding* requires this Court to provide defendant an opportunity to object to the modified sentence, even though defendant and the Court agree on the new guidelines range, defendant shall have up to and including ten (10) days from the entry of this order to file objections to the modified sentence pronounced here. Although the *Boulding* court stated that "a written presentation or an oral argument" could provide defendant a sufficient opportunity to object, it did not offer any additional guidance as to the form a written presentation might take or the appropriate time to provide for objections before the modified sentence became final. The Court believes requiring written objections within ten (10) days will provide due process as envisioned in *Boulding*.

of the judgment dated December 10, 2012 [Doc. 55], as amended by the Court's order dated July 14, 2017 [Doc. 71], shall remain in effect.  An amended judgment will be filed in this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE